FILED
JANUARY 4, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VACINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> PAN-OCEANIC ENGINEERING CO., INC., an Illinois Corporation, N.K. CONTRACTING & EQUIPMENT CO., INC., an Illinois Corporation, and JDS CONTRACTING & EQUIPMENT LLC, an Illinois member managed limited liability corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 10-cv-7104 |

The defendants, Pan-Oceanic Engineering Company, Inc. ("Pan-Oceanic"), N.K. Contracting & Equipment Company, Inc. ("NK"), and JDS Contracting & Equipment, LLC ("JDS"), by their attorney, answer the complaint as follows.

### COUNT I - Failure To Pay Employee Benefit Contributions

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.G. §1331, federal common law, and 28 U.S.C. § 1367.

ANSWER: Admit.

2. Venue is proper pursuant to Section 502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2), and 28 U.S.C. §1391 (a) and (b).

1

**ANSWER**: Admit.

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c) (5) of the LMRA. 29 U.S.C. § 186(c) (5). The Funds have offices and conduct business within this District.

**ANSWER**: Defendants state that the referenced statutes speak for themselves. Defendants have no knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny the same.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21) (A) of ERISA, 29 U.S.C. §1002(21) (A).

**ANSWER**: Defendants state that the referenced statutes speak for themselves. Defendants have no knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny the same.

5. Defendant Pan-Oceanic Engineering Co., Inc., (hereinafter "Company 1"), is an Illinois corporation. Company I did business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER**: Admit it does business in the District. The remaining allegations are legal conclusions not requiring an answer.

6. Defendant N.K. Contracting & Equipment Co., Inc., (hereinafter "Company 2"), is an Illinois corporation. Company 2 did business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ER1SA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER**: Admit it does business in the District. It denies that it is a party to or covered by the Collective Bargaining Agreement. The remaining allegations are legal

2

conclusions not requiring an answer.

7.     Defendant JDS Contracting & Equipment LLC, (hereinafter "Company 3") is a member managed Illinois limited liability company. Company 3 did business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER**:   Admit it does business in the District. It denies that it is a party to or covered by the Collective Bargaining Agreement. The remaining allegations are legal conclusions not requiring an answer.

8.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and Company 1 have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2010. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

**ANSWER**:   Defendants admit that Pan-Oceanic executed the instrument attached to the complaint as Exhibit A. Defendants state that the referenced statute and the instrument attached to the complaint as Exhibit A speak for themselves. Defendants deny the remaining allegations in this paragraph.

9.     The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Small Pavers Association ("ISPA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LCDMC") to act as an agent in the collection of contributions due to those funds.

**ANSWER**:   Defendants have no knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

10.    The Agreement and the Funds' respective Agreements and Declarations of Trust obligate Company 1 to make contributions on behalf of its employees covered by the Agreement

3

for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company 1, inter alia, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

11. The Agreement and the Funds' respective Agreements and Declarations of Trust require Company 1 to submit its books and records to the Funds on demand for ail audit to determine benefit contribution compliance.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

12. The Agreement obligates Company 1 to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

13. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Company 1 has performed covered work during the months of November, 2000 forward but has:

a) failed to submit full reports consisting of all hours owed and contributions to Plaintiff Laborers' Pension Fund for the period of January 1, 2010 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit full reports consisting of all hours owed and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2010 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports consisting of all hours owed and contributions to Laborers' Training Fund for the period of January 1, 2010 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

4

Case: 1:10-cv-07104 Document #: 16-1 Filed: 12/23/10 Page 5 of 9 PageID #:44

(d)     failed to report and pay all hours and contributions owed to one or more of the other affiliated funds identified above for the period of January 1, 2010 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants state that they have made the documents available. Defendants deny the remaining allegations in this paragraph.

14.     Company 1's actions in failing to submit full reports consisting of all hours owed and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER**: Deny.

15.     Pursuant to Section 502(g) (2) of ERISA, 29 U.S.C. §1132 (g) (2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, Company 1 is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Deny.

### COUNT II (Failure To Pay Union Dues)

16.     Plaintiffs reallege paragraphs 1 through 14 of Count I as though fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 14 of Count I as their answer to paragraph 16 as though fully set forth herein.

17.     Pursuant to agreement, the Funds have been duly designated to serve as a collection agent for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

18.     Pursuant to the Agreement, Company 1 is to withhold and/or report to and forward union dues to the Union by the 10th of the month following the month in which the

5

hours were worked, and if the dues are not received by that time, the dues amount is assessed liquidated damages of 10 percent; and to submit its books and records upon demand to an audit to determine dues contribution compliance.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

19. Notwithstanding the obligations imposed by the Agreement, Company 1 has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of January 1, 2010 forward, thereby depriving the Union of income and information.

**ANSWER**: Deny.

20. Pursuant to the Agreement, Company 1 is liable to the Funds, for the unpaid union dues, as well as liquidated damages, plus audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendants state that the instrument attached to the complaint as Exhibit A speaks for itself. Defendants deny the remaining allegations in this paragraph.

### COUNT III (Company 1 is the Alter Ego of Company 2)

21. Plaintiffs reallege paragraphs 1 through 20 of the Complaint as though fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 20 of the complaint as their answer to paragraph 21 as though fully set forth herein.

22. Company 1 is the alter ego of Company 2. Company 2 used or uses some of the same employees employed by Company 1; performed and performs the same type of work performed by Company 1; operated and operates out of the same address that Company 1 operated and operates out of; and was and is managed by and/or had its work supervised by the same personnel who managed and/or supervised the work performed by Company 1.

**ANSWER**: Deny.

23. Company 1's President and owner is Gulzar Singh.

**ANSWER**: Admit.

24. Company 2's President is Gulzar Singh's wife, Narinder Singh.

6

Case: 1:10-cv-07104 Document #: 16-1 Filed: 12/23/10 Page 7 of 9 PageID #:46

  **ANSWER**: Admit.

  25. Company 2's Registered Agent is Gulzar Singh.

  **ANSWER**: Admit.

  26. Company 1, through its President and Owner, Gulzar Singh, directs, controls, and manipulates the activities of Company 2.

  **ANSWER**: Deny.

  27. Company 2 was formed by Gulzar Singh and Company 1 to avoid Company 1's obligations under the collective bargaining agreement and the Funds' Agreements and Declarations of Trust, in that Company 1 routinely:

  (a) paid and pays its Laborers only a portion of the wages due to its Laborers on Company 1 payroll;

  (b) reported and reports to the Funds only the benefits due on that portion of the wages paid to its Laborers on Company 1 payroll;

  (c) paid and pays its Laborers the remainder of the wages due to its Laborers on Company 2 payroll; and

  (d) failed and fails to report to the Funds and submit payment of benefits due to the Funds on the wages paid to its Laborers on Company 2 payroll.

  **ANSWER**: Deny.

  28. As the alter ego of Company 2, Company 1 unjustly enriched and continues to unjustly enrich itself by performing lucrative union jobs while fraudulently avoiding its obligations to the Funds pursuant to the collective bargaining agreement and the Funds' Agreements and Declarations of Trust.

  **ANSWER**: Deny.

  29. Because Company 1 is the alter ego of Company 2, Company 2 is bound to the terms and conditions of Company 1's collective bargaining agreement and the Funds' Agreements and Declarations of Trust to which Company 1 is bound, and therefore is liable to the Funds for the benefits and dues contributions owed on the hours worked by Company 1's Laborers and paid on Company 2's payroll.

  **ANSWER**: Deny.

### COUNT IV - (Company 1 is the Alter Ego of Company 3)

30. Plaintiffs reallege paragraphs 1 through 29 of the Complaint as though fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 29 of the complaint as their answer to this paragraph 30 as though fully set forth herein.

31. Company 1 is the alter ego of Company 3. Company 3 used or uses some of the same employees employed by Company 1; performed and performs the same type of work performed by Company I; operated and operates out of the same address that Company 1 operated and operates out of; and was and is managed by and/or had its work supervised by the same personnel who managed and/or supervised the work performed by Company 1.

**ANSWER**: Deny.

32. Company 1's President and owner is Gulzar Singh.

**ANSWER**: Admit.

33. Company 3's Managing Member is Gulzar Singh's son, Jasdeep Singh.

**ANSWER**: Admit.

34. Company 1, through its President and Owner, Gulzar Singh, directs, controls, and manipulates the activities of Company 3.

**ANSWER**: Deny.

35. Company 3 was formed by Gulzar Singh and Company 1 to avoid Company 1's obligations under the collective bargaining agreement and the Funds' Agreements and Declarations of Trust, in that Company 1 routinely:

(a) paid and pays its Laborers only a portion of the wages due to its Laborers on Company 1 payroll;

(b) reported and reports to the Funds only the benefits due on that portion of the wages paid to its Laborers on Company I payroll;

(c) paid and pays its Laborers the remainder of the wages due to its Laborers on Company 3 payroll; and

(d) failed and fails to report to the Funds and submit payment of benefits due to the Funds on the wages paid to its Laborers on Company 3 payroll.

**ANSWER**: Deny.

36. As the alter ego of Company 3, Company 1 unjustly enriched and continues to unjustly enrich itself by performing lucrative union jobs while fraudulently avoiding its obligations to the Funds pursuant to the collective bargaining agreement and the Funds' Agreements and Declarations of Trust.

**ANSWER**: Deny.

37. Because Company 1 is the alter ego of Company 3, Company 3 is bound to the terms and conditions of Company 1's collective bargaining agreement and the Funds' Agreements and Declarations of Trust to which Company 1 is bound, and therefore is liable to the Funds for the benefits and dues contributions owed on the hours worked by Company 1's Laborers and paid on Company 3's payroll.

**ANSWER**: Deny.

WHEREFORE, the defendants, Pan-Oceanic Engineering Company, Inc., N.K. Contracting & Equipment Company, Inc. and JDC Contracting & Equipment LLC, pray that the counts against them be dismissed and that they be awarded their costs.

### AFFIRMATIVE DEFENSE

1. Neither N.K. Contracting & Equipment Company, Inc. nor JDC Contracting & Equipment LLC is a party to the Collective Bargaining Agreement.

2. The work performed by N.K. Contracting & Equipment Company, Inc. and JDC Contracting & Equipment LLC is not covered by the Collective Bargaining Agreement.

3. Defendants have agreed to make certain documents available for review by the plaintiff.

| | |
|---|---|
| Marty J. Schwartz<br>Adam C. Gilgis<br>70 West Madison Street, Suite 4500<br>Chicago, Illinois 60602<br>312.345.5750<br>ARDC No. 03124462 | PAN-OCEANIC ENGINEERING CO., INC., N.K. CONTRACTING & EQUIPMENT CO., INC. and JDS CONTRACTING & EQUIPMENT LLC<br><br>By: /s/ Marty J. Schwartz<br>One of their attorneys |

9